UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRIEDRICH LU,                    )
        Plaintiff,               )
                                 )
    v.                           )    C.A. No. 00-11492-MLW
                                 )
HARVARD SCHOOL OF DENTAL         )
MEDICINE, et al.,                )
        Defendants.              )

## MEMORANDUM AND ORDER

WOLF, D.J.                                    March 29, 2002

On July 25, 2000, plaintiff Friedrich Lu submitted for filing a pro se complaint pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733. The one-page complaint alleges that defendants, Harvard School of Dental Medicine, Dana-Farber Cancer Institute, Ching-Ju (Jenny) Chang, Lan-Bo Chen, Mark Wang, and Stanley Wang, conspired in a scheme to submit false vouchers and reports to a program administered by the National Institute of Health. On April 10, 2001, the United States filed a Notice of Election to Decline Intervention in this matter.

On April 24, 2001, this court ordered that the complaint be unsealed and served on the defendants by Lu. On May 23, 2001, defense counsel filed a notice of appearance on behalf of all defendants. Defense counsel apparently sent one or more letters to Lu communicating a willingness to accept service on behalf of all defendants.

In response, rather than serving the complaint on defense counsel, Lu filed a number of motions, apparently questioning the validity of counsels' appearance.

On June 13, 2001, the court ordered Lu to serve the complaint on counsel for all defendants against whom he wished to proceed by August 22, 2001. Lu did not serve counsel as required by the June 13, 2001 Order. Instead Lu filed another series of motions. The following motions must now be resolved by the court.

### 1. Lu's Motion for Default Judgment for Fruad [sic] on Court

On August 23, 2001, Lu filed Relator's Motion for Default Judgment for Fruad [sic] on Court. No opposition to this motion was filed by defendants.

In this motion, Lu asserts that he is entitled to a default judgment against defendants Dana Farber Cancer Institute, Ching-Ju (Jenny) Chang, Mark Wang, and Stanley Wang. Lu also requests an evidentiary hearing on the question of whether counsel to the defendants have committed a fraud upon this court.

Apparently, Lu claims that he is entitled to default judgment against these defendants because their counsel, Patti A. Holloran and John P. Puleo, committed a fraud on this court. Specifically, Lu claims counsel, by filing an appearance, fraudulently held themselves out as counsel to defendant Harvard School of Dental

2

Medicine and, perhaps, other defendants.[1] Lu has previously, on more than one occasion, "demanded to see Harvard's (as well as other defendants') authorization to be represented by these attorney [sic] and the boutique law firm." Pls. Mot. for Default Judgment, at 3.

For the reasons stated below, Lu's Motion for Default Judgment is not meritorious and it will be denied. Lu has not properly served all the defendants in this case. Lu provides no support for his contentions that counsel for the defendants have committed any fraud on this court. In fact, the record in this case suggests that defendants and their counsel have neither misrepresented themselves to the court nor acted fraudulently in any way.

In any event, the remedy of default judgment is inappropriate. Lu has failed to accomplish proper service despite defense counsels' attempts to assist Lu in accomplishing that end by filing an appearance on behalf of each defendant and instructing Lu that he could serve counsel in lieu of serving each defendant.

---

[1]After a close reading of Lu's motion, the court deciphers the following grounds for Lu's allegation that counsel committed a fraud on this court. First, counsel served a notice of appearance on Lu, but not on the government, in violation of a court order. Pls. Mot. for Default Judgment, at 1-3. Second, counsel sent Lu a letter confirming that they would accept service of the complaint on behalf of defendant Harvard School of Dental Health two months after Lu claims he accompanied a process server who accomplished in-hand service on the Harvard Dean's office and Dana-Farber. Id.

Accordingly, Lu's Motion for Default Judgment (Docket No. 40) and his request for evidentiary hearing will be denied.

2. Defendants' Motion to Dismiss

On August 24, 2001, the defendants filed a Motion to Dismiss. In particular, defendants seek dismissal with prejudice of the sole claim, the False Claims Act claim, based on insufficiency of process, failure to state a claim upon which relief can be granted, and failure to meet the requisite heightened pleading requirements, pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(6), and 9(b), respectively. Defendants also seek attorney's fees pursuant to Federal Rule of Civil Procedure 54(d) and 31 U.S.C. § 3730(d)(4).

On September 10, 2001, Lu filed a Cross-Motion to Strike and Default for Tardiness. Evidently this filing was intended as his response to the defendants' motion to dismiss.

For the reasons stated in detail below, the court finds that defendants' Motion to Dismiss meritorious and it is being allowed to the extent that it seeks dismissal with prejudice of the sole claim against all defendants, and is being denied to the extent that it seeks attorney's fees, costs, and expenses.

A. Federal Rule of Civil Procedure 4(m)

Lu's claim fails for insufficiency of service of process. Lu has failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") and has disobeyed certain Orders of this court. See Fed. R. Civ. P. 4(m). In particular, Lu never served the complaint on counsel for the defendants as required by the Rule 4(m) and as ordered by this court in its June 13, 2001 Order.

The False Claims Act, 31 U.S.C. § 3730, pursuant to which Lu filed this suit, provides: "[t]he defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure."

Rule 4(m) mandates that "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the actions without prejudice as to that defendant or direct that service be effected within a specified time . . . ." Fed. R. Civ. P. 4(m).

On April 24, 2001, pursuant to the False Claims Act, the complaint in the instant case was unsealed and Lu was ordered to serve the defendants. See April 24, 2001 Order. Thus, under Rule 4(m), Lu was required to complete service by August 24, 2001. As of August 24, 2001, when the defendants filed their motion to dismiss,

5

service on counsel for the defendants had not been accomplished. See Defs. Mot. to Dismiss, at 3.

On June 13, 2001, the court ordered Lu to serve the defendants by August 22, 2001. To date, Lu has not complied with either the April 24, 2001 Order or the June 13, 2001 Order, and has not served all of the defendants. Accordingly, defendants motion to dismiss for insufficiency of service of process, see Fed. R. Civ. P. 12(b)(5), is meritorious.

### B. Federal Rule of Civil Procedure 12(b)(6)

Lu's complaint fails to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass 1996); see Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Miranda v. Ponce Fed'l Bank, 948 F.2d 41, 44 (1st Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The court must "neither weigh[] the evidence nor rule[] on the merits because the issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence in support of their claims." Day, 917 F. Supp. at 75.

This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). A court should "eschew any reliance on bald assertions, unsupportable conclusions, and 'oprobious epithets.'" Chongris v. Board of Appeals of Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987) (quoting Snowden v. Hughes, 321 U.S. 1, 10 (1944)), cert. denied, 107 S. Ct. 3266 (1987).

This court has an obligation to construe a pro se plaintiff's pleadings liberally, but "pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). A pro se plaintiff must, at a minimum, present the requisite supporting facts for the claim he asserts. Id. Although this court construes his pleadings liberally, Lu has failed to present a sufficient factual basis for his claim.

Lu's complaint is a one-page document consisting entirely of vague and conclusory allegations. See Compl., at 1. The complaint

7

alleges that a fraudulent scheme has continued for years and costs the United States millions of dollars, but the complaint only explains in vague terms how the scheme is carried out and fails to describe in any meaningful way how any of the defendants is involved.

From the face of the complaint, it appears that Lu will be unable to prove a set of facts that will support his claim. Indeed, most importantly, Lu has failed to allege that the National Institute of Health Program prohibits individuals receiving assistance to attend the residency program, which at least has the potential to include research work, at the Harvard School of Dental Health. Thus, Lu has failed to show that the facts he alleged, even if true, would amount to a violation of the False Claims Act. Accordingly, defendants' motion to dismiss for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), is meritorious.


C. Federal Rule of Civil Procedure 9(b)

Lu has failed to meet the heightened pleading requirements that attach when a plaintiff alleges fraud. See Fed. R. Civ. P. 9(b).

A claim made pursuant to the False Claims Act falls within the ambit of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). United States ex rel. Walsh v. Eastman Kodak, 98 F. Supp. 2d 141, 147 (D.

Mass. 2000). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

The First Circuit has interpreted Rule 9(b) to require "specification of the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980).

The purpose of Rule 9(b)'s particularity requirement is "(1) to place defendants on notice and enable them to prepare meaningful defenses to charges of fraud; (2) to prevent the use of conclusory allegations of fraud as a basis for strike suits and fishing expeditions; and (3) to protect defendants from groundless charges which tend to damage their reputations." Shamsi v. Dean Witter Reynolds, Inc., 743 F. Supp. 87, 90 (D. Mass. 1990); see also Simcox v. San Juan Shipyard, Inc., 754 F.2d 430, 439 (1st Cir. 1985).

Lu's one-page complaint does not meet the requisite heightened pleading requirements because it fails to set forth, at a minimum, the "who, what, when, where, and how" of the alleged fraud. United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1998). Although Lu apparently alleges that the defendants participated in a conspiracy to defraud the United

9

States, the complaint specifies neither the time nor the place of the alleged fraudulent activity. It is unclear what role Lu alleges any of the defendants played in the conspiracy. Compl. ¶¶ 4, 5 ("Dr. Ching-Ju (Jenny) Chang was one of the individuals. Dana Farber Cancer Institute, and its scientist Lan-Bo Chen, knowingly participates in the scheme-as nominal host institute and (host) laboratory, respectively . . . . Drs. Mark and Stanley Wang are sued to recover the fund."). Most significantly, the complaint is insufficient to put the defendants on notice of the content of the alleged fraud, in particular how it was achieved and what the defendants did, individually or collectively, in furtherance of the conspiracy.

The complaint contravenes Rule 9(b)'s important purposes. Lu's one-page complaint fails to put defendants on notice or enable them to prepare a meaningful defense to Lu's allegation of fraud. If the court permitted discovery on the basis of this complaint, it would amount to a the use of conclusory allegations of fraud as a basis for a strike suit or a fishing expedition. Finally, there is a significant risk that this suit, though groundless, will injure the defendants' reputations as respected physicians and researchers.

The court also notes that the complaint fails to establish that the case is being brought within the applicable statute of limitations as required by 31 U.S.C. § 3731(b). Compl., ¶ 2

("Defendant Harvard School of Dental Medicine (Harvard) has for years conspired with individuals with dentist degree to defraud National Institute of Health . . . ."). Accordingly, Lu has failed to satisfy Rule 9(b)'s heightened pleading requirements.


### D. Attorney's Fees, Costs and Expenses

To the extent that defendants seek reasonable attorney's fees, costs, and expenses, pursuant to Federal Rule of Civil Procedure 54(d) and 31 U.S.C. § 3730(d)(4), the court finds that such fees may be warranted, but, in an exercise of its discretion, declines to order Lu to pay defendants' attorney's fees, costs, or expenses.

Section 3730(d)(4) provides:

> If the Government does not proceed with the [False Claims Act] action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4) (2000). When a court contemplates awarding attorney's fees, "it must take into account the financial circumstances of the plaintiff." Sassower v. Field, 973 F.2d 75, 80 (2d Cir. 1992).

Lu's claim may be frivolous, vexatious or brought for the purpose of harassing the defendants, some of whom are apparently

his relatives. However, the court finds that it is unlikely that Lu, who is proceeding in forma pauperis and pro se in this action, will be able to fulfill any monetary judgment this court enters against him.

Accordingly, for the reasons described in this memorandum, defendants' Motion to Dismiss (Docket No. 41) is being allowed to the extent that defendants seek dismissal of the sole claim against them, and this claim is being dismissed with prejudice. To the extent defendants seek attorney's fees, costs, and expenses, the defendants' motion is being denied.


### 3. Defendants' Motion for Injunctive Relief

On November 13, 2001, defendants filed a Motion For Injunctive Relief. On December 10, 2001, Lu filed his Relator's Opposition to Request for Injunctive Relief and Cross Motion for Rule 11 Sanction. On January 17, 2002, defendants filed a motion for leave to file a supplemental exhibit to their motion for injunctive relief. On January 30, 2002, Lu filed an opposition to defendants motion for leave to file a supplemental exhibit.

In his opposition and cross motion, Lu seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure based on his claim that defendants' motion for injunctive relief is "frivolous" and "premature." Lu's Rule 11 claim is without merit.

12

Defendants' motion is not presented for an improper purpose and it appears to have a basis in both law and fact. For the reasons stated below, defendants' motion is meritorious.

Defendants request, pursuant to 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 65, that this court permanently enjoin Lu from filing frivolous and vexatious lawsuits in this court. The court notes that barring Lu from filing suits in this district court altogether is an extraordinary remedy. Nevertheless, under the circumstances, it may be proper and necessary for this court to issue a limited injunction barring Lu from filing certain claims.

Section 1651 of Title 28 of the United States Code provides, in pertinent part, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000). Courts have relied on this provision to permanently enjoin plaintiffs who filed a series of frivolous complaints from filing future repetitious, frivolous, baseless, or vexatious lawsuits. See Gordon v. Department of Justice, 558 F.2d 618, 618-19 (1st Cir. 1977); Rudnicki v. McCormack, 210 F. Supp. 905, 908-91 (D.R.I. 1962). "A decision to issue an injunction under § 1651(a) is within the district court's discretion." Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985).

The First Circuit has stated on many occasions that "federal

13

court's plainly possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993); see Elbery v. Louison, 201 F.3d 427, **2 (1st Cir. 1999) (unpublished). "However, the restrictions imposed must be tailored to the specific circumstances presented." Cok, 985 F.2d at 34 (refusing to affirm an injunction of "unlimited breadth").

Due Process requires that a plaintiff be "warned or otherwise given notice that filing restrictions were contemplated." Hart v. United States, 21 F.3d 419, **2 (1st Cir. 1994) (unpublished). "Adequate notice may be informal but should be afforded." Cok, 985 F.2d at 35. Where, as here, a motion for injunctive relief was made by the defendants, and plaintiff had an opportunity to respond, and did, in fact, respond, plaintiff has had sufficient notice. Pavlonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980); Cok v. Forte, 877 F. Supp. 797, 804 (D.R.I. 1995). It is proper, therefore, for this court to consider at this time whether an injunction is appropriate in this case.

Lu's prosecution of this case has been, at best, inefficient and, at worst, reckless. Lu has made numerous filings in response to each order of this court. However, among Lu's many filings the court has been unable to uncover any documents responsive, in particular, to the court's April 24, 2001 and June 13, 2001 Orders.

14

Service of the defendants was never accomplished.

In his numerous filings, Lu has maligned the court and challenged its authority. Lu has also, on occasion, made veiled threats to the defendants. One of Lu's threats in another case necessitated the issuance of a restraining order.

Lu has also filed numerous lawsuits. Lu has filed fourteen suits in this district court and at least ten suits in the courts of the Commonwealth of Massachusetts. Defs. Mot. for Inj. Relief, at 4. Many of these suits, in particular those filed in state court, have been filed against judges and court personnel who have denied Lu's previous claims. Id.

Because Lu has filed many of his cases, including this case, in forma pauperis and/or pro se, Lu has incurred little or no cost in conjunction with these suits. However, the individuals Lu sues must incur the costs associated with responding to Lu's allegations each time he files a new case. Lu's complaints have also significantly burdened the state and federal court systems and their limited resources.

On January 2, 2002, the Suffolk Superior Court Division of the Trial Court Department of the Commonwealth of Massachusetts enjoined Lu from filing any new action at law or equity in the state courts of Massachusetts without complying with certain

15

procedures.[2] See Docket No. 47, Ex. 1.

Lu has threatened, in this case, to file additional suits. On October 1, 2001, Lu sent a memorandum to Richard Borskey in his capacity as General Counsel for the Dana Farber Cancer Institute, stating, among other things, "[i]n the following years, there may be several additional lawsuits against Dana-Farber Cancer Institute, Dr. Lan-Bo Chen and the security chief of the Institute." Defs. Mot. for Inj. Relief, Ex. C.

In the circumstances, a limited injunction against the filing of future actions by Lu in this court is justified and appropriate.

Accordingly, for the reasons stated in this memorandum, it is hereby ORDERED that:

1. Lu's Motion for Default Judgment (Docket No. 40) and his request for evidentiary hearing are DENIED.

2. Defendants' Motion to Dismiss (Docket No. 41) is ALLOWED, and this case is DISMISSED WITH PREJUDICE. To the extent defendants seek attorney's fees, costs, and expenses, the defendants' motion is DENIED.

3. Defendants' Motion for Injunctive Relief (Docket No. 44) is ALLOWED.

_____

[2]Defendants' Motion for Leave to File a Supplemental Exhibit to the Motion for Injunctive Relief (Docket No. 47) seeking to file for the record in this case a copy of the Suffolk Superior Court Order enjoining Lu from filing future frivolous cases is being allowed.

4. Lu's Cross-Motion for Rule 11 Sanctions (Docket No. 46) is DENIED.

5. Unless specifically authorized in advance, Lu shall not file in the United States District Court for the District of Massachusetts any pleadings, motions, complaints, or other documents that arise from or relate to the claim made in this case, that Harvard School of Dental Medicine, Dana-Farber Cancer Institute, Ching-Ju (Jenny) Chang, Lan-Bo Chen, Mark Wang, and Stanley Wang conspired in a scheme to submit false vouchers and reports to a program administered by the government of the United States.

4. Lu shall attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order.

UNITED STATES DISTRICT JUDGE

17